**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Robert S. Raybon, Gatewood Holdings, LLC, and AT Legal, LLC | |
| Plaintiffs, | Civil Action No._____ |
| v. | |
| CNH Industrial America, LLC, a foreign corporation doing business as Case IH, James (Jim) Walker, individually and in his capacity as Vice President of Case IH, and Richard H. Carver, individually and as a former Territory Sales Manager of Case IH, | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants CNH Industrial America, LLC, (d/b/a Case IH) ("CNH"), James (Jim) Walker, and Richard H. Carver (collectively, "Defendants") remove this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the Superior Court of Fulton County, Georgia, to this Court. Defendants base removal on diversity jurisdiction because there is complete diversity of citizenship between Plaintiffs and all *properly* joined Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

1.      On January 19, 2017, Plaintiffs Robert S. Raybon, Gatewood Holdings, LLC, and AT Legal, LLC, (together, "Plaintiffs") filed the above-captioned action in the Superior Court of Fulton County, Georgia, Civil Action File No. 2017CV285048.

2.      Raybon is the former CEO of, and Gatewood and AT Legal are the former majority shareholders of, AIMTrac.  AIMTrac is a dealer of CNH's agricultural equipment in a designated territory in the State of Georgia.

3.      As set forth in their Complaint, Plaintiffs allege that CNH took several actions adverse to AIMTrac's ownership structure in an attempt to interfere with Raybon's management of the dealership.   Among several allegations, Plaintiffs assert that Defendants:

     a.  Forced AIMTrac to terminate Raybon's employment;

     b.  Directed the sale of Gatewood and AT Legal's majority interest in AIMTrac to its minority shareholders at a fraction of market value;

     c.  Manipulated AIMTrac's corporate structure;

     d.  Threatened to withhold inventory;

     e.  Reneged on a negotiated "Financing Agreement;"

f. Colluded with an outside consultant to undervalue Plaintiffs' shares in AIMTrac;

g. Refused to authorize a sale of Plaintiffs' shares to any outside investor;

h. Prevented Raybon from obtaining private equity funding for AIMTrac; and

i. Concealed from dealers other than AIMTrac certain exclusive programs that helped AIMTrac sell and lease equipment, thus increasing CNH's market share in Georgia.

4.  Plaintiffs argue that Defendants' alleged actions are violations of Georgia's Regulation of Agricultural Equipment, Manufacturers, Distributors, and Dealers Act (the "Agricultural Dealer Act," O.C.G.A. § 13-8-14) as well as the Regulation of Farm Equipment, Manufacturers, Distributors, and Dealers Act (the "Farm Dealer Act," O.C.G.A. § 13-8-34). Plaintiffs also allege Defendants violated Georgia's Racketeer Influenced and Corrupt Organizations Act ("RICO," O.C.G.A § 16-14-4), and breached the Agricultural Equipment Sales and Service Agreement between CNH and AIMTrac, the covenant of good faith and fair dealing, and CNH's fiduciary duties to Plaintiffs.

5.     Defendants accepted service of the Summons and Complaint on January 24, 2017.

6.     Pursuant to 28 U.S.C. § 1446(a), true and exact copies of "all process, pleadings, and orders served upon" Defendants in this action are attached as **Exhibit A**.

## GROUNDS FOR REMOVAL

### I.   This Court has Diversity Jurisdiction.

7.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between Plaintiffs and all *properly* joined defendants.  28 U.S.C. § 1332(a).

### A. The Amount-in-Controversy is Satisfied.

8.     Gatewood and AT Legal specifically allege that they suffered "loss of value of their shares in AIMTrac in excess of $13,000,000.00," and are attempting to recover punitive damages and treble damages under Georgia's RICO statute.  *See* Ex. A, Compl. ¶¶ 262, 270, 303, 359, and 404.

9.     Plaintiffs also seek equitable relief, including an order requiring the "dissolution or reorganization of CNH" and forfeiture of CNH's charter. *See* Ex. A, Compl. at pg. 186-187.

10.    Although Defendants deny that Plaintiffs are entitled to recovery, Plaintiffs have nonetheless alleged a controversy involving the requisite amount under 28 U.S.C. § 1332(a).

### B. The Properly Joined Parties are of Diverse Citizenship.

11.    Plaintiff Raybon is a resident of Georgia, and Plaintiffs Gatewood and AT Legal are both Georgia Limited Liability Companies with their principal places of business in the state.  Ex. A, Compl. ¶¶ 1-3.

12.    Defendant CNH is a "foreign corporation" that is incorporated in Delaware and has its principal place of business in Wisconsin.  *Id.*, Compl. ¶ 4.  Defendant Walker also is a resident of Wisconsin.  *Id.*, Compl. ¶ 5.

13.    Accordingly, the parties are diverse for purposes of subject matter jurisdiction under 28 U.S.C. § 1332(a).

14.    Defendant Carver is a citizen of Georgia, Compl. ¶ 6, but his citizenship does not defeat the Court's subject matter jurisdiction because Plaintiffs fraudulently joined him as a defendant.  *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001).  Accordingly, the Court must ignore his citizenship when determining diversity among the parties.  *See Crooke v. R.J. Reynolds Tobacco Co.*, 978 F. Supp. 1482, 1484 (N.D. Ga. 1997) (the "right of removal cannot be defeated by a fraudulent joinder of a resident

defendant who has no real connection with the case") (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

15.    A defendant has been fraudulently joined when "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  In considering whether there is the "possibility" of a cause of action, the Court requires more than Plaintiffs' speculative theory—"reason and common sense have some role." *Pryce v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 12235188, at *6 (N.D. Ga. Jan. 31, 2014) (holding "that no possibility exists that Plaintiff can establish viable claims against Defendant").

16.    Plaintiffs fail to show threshold facts supporting a claim against Carver.  The 735-paragraph Complaint mentions Carver only four times, once in the introductory paragraph (Compl. at pg. 1), once identifying him (*id.* ¶6), once to allege that "[t]he secret Georgia Keys Program was promulgated exclusively for AIMTrac by Defendant Carver (*id.*¶ 37), and once to allege that "[t]he exclusive 2% increase in residual values on all one-year leases was promulgated exclusively for AIMTrac by Defendant Carver (*id.* ¶ 53). None of these mentions accuse Carver of any legally-cognizable act.  Indeed, Plaintiffs do not accuse Carver of participation in any of the allegedly injurious actions described in paragraph 3 above.  As the Complaint concedes, the Georgia

Keys Program and the 2% program, referred to as the "Exclusive Programs," actually benefited AIMTrac in relation to other dealers by allowing AIMTrac to offer greater discounts on CNH equipment it sold, accept trade-ins at higher values, and lower the annual lease payment to its customers. *Id.*, Compl. ¶ 46 ("The Georgia Keys Program allowed AIMTrac to offer deep incentivized discounts on Defendant Case's Equipment it sold."); ¶ 47 ("Additionally, the Georgia Keys Program's zero-interest loan program coupled with enhanced discounts permitted AIMTrac to accept trade-ins of another manufacturer's product at higher values than other dealerships could match."); ¶ 51 ("As a result, AIMTrac was able to lower the annual lease payment to customers beyond what could have been achieved—even under the Georgia Keys Program.")

17.   In their attempt to frustrate diversity by naming Carver as a Defendant, Plaintiffs argue that the Exclusive Programs violated the Agricultural Dealer Act, which prohibits a manufacturer from:

   a) "offer[ing] to sell any new unit of equipment . . . to any dealer at a lower actual price therefor than the actual price offered to any other dealer . . . or to utilize any device, including . . . sales promotion plans or programs which result in such lesser actual price," O.C.G.A. § 13-8-15(c)(5); and

   b) "discriminat[ing] willfully . . . in price, programs, or terms of sale offered to franchisees," O.C.G.A. § 13-8-15(c)(6). Ex. A, Compl. ¶¶ 284-336.

Importantly, Plaintiffs allege the Exclusive Programs "resulted in lower prices on equipment for AIMTrac than prices on the same equipment offered to *other dealers*," Ex. A, Compl. ¶ 291, and, in turn, "discriminat[ed] *against other dealers* within" CNH's network of dealerships, *id.* ¶ 307 (emphasis added).

18.    Plaintiffs also contend the Exclusive Programs violated the Farm Dealer Act, which prohibits a manufacturer from engaging "in any action which is arbitrary, in bad faith, or unconscionable and which causes damages." O.C.G.A. § 13-8-35(a); Ex. A, Compl. ¶¶ 472-478. Plaintiffs contend that CNH used the Exclusive Programs to increase CNH's market share in the Southeast through the "flawed and defective" Cotton Picker line, and that these actions were "arbitrary, in bad faith, or unconscionable" in violation of the Farm Dealer Act. Ex. A., Compl. ¶ 472, 477.

19.    Plaintiffs' addition of Carver to the Complaint has no substance. As a threshold matter, Plaintiffs lack standing to state a claim under either of the dealer law provisions set out above in paragraph 17. These provisions prohibit (a) offering to sell new equipment to *any dealer* at a lower price, and (b) discrimination in price or terms of sale offered to *franchisees*. *See* ¶ 17 above (emphasis added). The express terms of these provisions provide a

right of action only to *dealers* and *franchisees*. Thus, even if AIMTrac—the dealer—could demonstrate injury "by reason of" the Exclusive Programs, any claim under these provisions would lie with AIMTrac, not Plaintiffs. Plaintiffs, a former officer and two former shareholders of AIMTrac, do not have standing to assert claims under these provisions of the Agricultural Dealer Act against Carver, or any defendant, because no Plaintiff is a *dealer*, and these claims accordingly fail as a matter of law.

20.    Moreover, an action for violation of both the Agricultural Dealer Act and the Farm Dealer Act may be brought only by a person who has suffered an injury "in his or her business or property by reason of anything forbidden by or in noncompliance with the requirements" of the Act. *See* O.C.G.A. §§ 13-8-20, 13-8-40. The "by reason of" language in the Agricultural and Farm Dealer Acts "imposes a proximate causation requirement on the plaintiffs," obligating them to show "some injury flowing from" the alleged wrongful conduct. *See Maddox v. Southern Engineering Co.*, 500 S.E. 2d 591, 594 (Ga. App. 1998) (interpreting identical "by reason of" language in Georgia's RICO statute).

21.    Plaintiffs identify no such injury to Raybon, Gateway, or AT Legal from the Exclusive Programs. Quite the contrary. Plaintiffs instead claim the Exclusive Programs gave AIMTrac "*a competitive business*

*advantage*" and discriminated "against other dealers."  Ex. A, Compl. ¶¶ 307, 315, 320 (emphasis added).  In fact, Plaintiffs allege that the Exclusive Programs needed "to remain covert" not because of damage to Plaintiffs, but because "dealers who were left out . . . could file actions against" CNH for the unfair advantages supposedly provided to AIMTrac.  *Id*., Compl. ¶¶42-43, 56-57.

22.    Therefore, as <u>former</u> shareholders and employee of AIMTrac, the alleged beneficiary of the Exclusive Programs, Plaintiffs hold no viable claim under the Agricultural and Farm Dealer Acts against Carver (or any other Defendant).  Put simply, Plaintiffs sustained no injury "by reason of" the Exclusive Programs and, thus, cannot satisfy the proximate causation requirement.  *See* O.C.G.A. §§ 13-8-20, 13-8-40; *see also Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1382, 1385 (N.D. Ga. 2014) (holding that non-diverse defendant was fraudulently joined "because proximate cause is absent as a matter of law" against the non-diverse defendant).

23.    Plaintiffs also have no possibility of recovery against Carver under the Farm Dealer Act for the additional reason that Plaintiffs do not allege that he engaged in any activity that was "arbitrary, in bad faith, or unconscionable."  O.C.G.A. § 13-8-35(a).  Even if the Cotton Picker line had the problems claimed by Plaintiffs, there is no alleged connection between the

line and Carver.  Carver is alleged to be a former "Territory Sales Manager," with no alleged involvement in equipment design or manufacture.  (Compl. ¶ 6). Therefore, Plaintiffs state no cause of action against Carver under the Farm Dealer Act.  *See Charles H. Wesley Educ. Foundation, Inc. v. State Election Bd.*, 654 S.E.2d 127, 132 n.7 (Ga. 2007) (a complaint must "give the defendant fair notice of what the claim is" and contain "more than a formulaic recitation of the elements of a legal cause of action").  Carver's citizenship, in turn, has no bearing on diversity.  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

24.    In sum, this court has subject matter jurisdiction because there is complete diversity between Plaintiffs and all properly joined defendants, and the amount in controversy exceeds the $75,000 jurisdictional threshold. (Defendants CNH Industrial America and Walker do not concede that the claims against them are sufficient, but that issue is not pertinent to removal.) Removal of this action to the United States District Court for the Northern District of Georgia, Atlanta Division, is proper.

## II.    Defendants Have Satisfied the Procedural Requirements for Removal.

25.    The removal of this action to this Court is also timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30)

days after January 24, 2017, which is the date Defendants accepted service of the Summons and Complaint in this action.

26.    As of the date of this removal, Defendants have not filed a responsive pleading to the Complaint.   In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to personal jurisdiction, defenses, exceptions, rights, and motions.

27.    Venue lies in the United States District Court for the Northern District of Georgia because the original action was filed in a state court located within the Northern District of Georgia.   The Superior Court of Fulton County, Georgia is located within the Atlanta Division of the Northern District of Georgia.   Venue is therefore proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

28.    A copy of this Notice of Removal is being served upon Plaintiffs and filed with the Clerk of the Superior Court of Fulton County, Georgia.   28 U.S.C. § 1446(d).

29.     Defendants CNH, Walker, and Carver consent to and join in this Notice of Removal.

Respectfully submitted, this 7th day of February, 2017.

                                     */s/ Julia C. Barrett*

Bobby R. Burchfield (*pro hac vice* to be filed*)*

Matthew M. Leland (*pro hac vice* to be filed)

Kathleen Sacks

Georgia Bar No. 214008

King & Spalding LLP

1700 Pennsylvania Avenue, NW, Suite 200

Washington, DC 20006

Tel: (202) 737-0500

Fax: (202) 626-3737

Julia C. Barrett

Georgia Bar No. 354322

King & Spalding LLP

1180 Peachtree St. NE

Atlanta, GA 30309

Tel: (404) 572-4600

Fax: (404) 572-5100

*Attorneys for Defendants*

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Robert S. Raybon, Gatewood Holdings, LLC, and AT Legal, LLC | |
| Plaintiffs, | Civil Action No._____ |
| v. | |
| CNH Industrial America, LLC, a foreign corporation doing business as Case IH, James (Jim) Walker, individually and in his capacity as Vice President of Case IH, and Richard H. Carver, individually and as a former Territory Sales Manager of Case IH, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2017, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF System and served a true and corrected copy of same on counsel for Plaintiff via U.S. First Class Mail, postage prepaid, addressed to:

>       John C. Stivarius, Jr.
>       Stanford G. Wilson
>       Justin B. Connell
>       Elarbee, Thompson, Sapp & Wilson, LLP
>       800 International Tower

229 Peachtree Street, N.E.
Atlanta, GA 30303

*/s/ Julia C. Barrett*

Julia C. Barrett
Georgia Bar No. 354322
King & Spalding LLP
1180 Peachtree St. NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100